# United States Court of Appeals
## for the Fifth Circuit

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2025

Lyle W. Cayce
Clerk

No. 24-50527

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER DEONTA HEMPHILL,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CR-111-1

———————————————————————————

Before SOUTHWICK, OLDHAM, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Christopher Hemphill challenges his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), arguing that § 922(g)(1) is unconstitutional as applied to him. We AFFIRM.

I

After Hemphill was pulled over by the Waco Police Department for a traffic violation on June 16, 2022, he was arrested due to outstanding

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

warrants. He admitted to the arresting officers that he was in possession of a firearm, and they found a loaded firearm in his backpack. Hemphill had four prior felony convictions: one for burglary of a habitation, one for evading arrest, and two for being a felon in possession of a firearm. He was also serving a term of supervised release.

Hemphill was charged in a one-count indictment with being a felon in possession of a firearm in violation of § 922(g)(1). He moved to dismiss the indictment based on *New York State Rifle & Pistol Ass'n Inc. v. Bruen*, 597 U.S. 1 (2022), arguing that § 922(g)(1) violated the Second Amendment on its face and as applied to him. After the district court denied his motion, Hemphill pleaded guilty under a plea agreement in which he reserved his right to appeal. Hemphill only appeals the denial of his as-applied challenge.

## II

Hemphill's challenge is foreclosed based on *United States v. Schnur*, 132 F.4th 863 (5th Cir. 2025), and *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *cert. denied*, --- S. Ct. ----, 2025 WL 1727419 (June 23, 2025) (No. 24-6625).

In *Diaz*, we rejected an as-applied challenge to § 922(g)(1) under the *Bruen* framework because disarming an individual convicted of car theft fit within the Nation's historical tradition of regulating firearms. 116 F.4th at 468–72. *Diaz* left open the possibility that as-applied challenges to § 922(g)(1) under the Second Amendment could succeed, depending on the predicate convictions and whether history and tradition support disarming individuals convicted of those crimes. *Id.* at 470 n.4. We recently held in *Schnur*, however, that *Diaz* also forecloses an as-applied challenge by an individual convicted of "theft-related" offenses such as robbery and burglary. *See Schnur*, 132 F.4th at 870–71. Because one of Hemphill's

No. 24-50527

predicate convictions here is burglary of a habitation, his as-applied challenge is foreclosed.[1]

\* \* \*

The district court's judgment of conviction is AFFIRMED.

---

[1] Alternatively, Hemphill's as-applied challenge fails under *United States v. Giglio*, 126 F.4th 1039, 1043–46 (5th Cir. 2025), and *United States v. Contreras*, 125 F.4th 725, 732–33 (5th Cir. 2025), which held that the Second Amendment "allows the [G]overnment to disarm individuals who are carrying out criminal sentences," including defendants who are on supervised release at the time of arrest.